UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN HILLESTAD | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| LLOG EXPLORATION COMPANY, | § | |
| L.L.C., LLOG EXPLORATION | § | |
| OFFSHORE, L.L.C. and DANOS, L.L.C. | § | JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Steven Hillestad ("Plaintiff"), complaining of Defendants LLOG Exploration Company, L.L.C. and LLOG Exploration Offshore, L.L.C. (collectively "LLOG") and Danos, L.L.C. ("Danos"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I.  PARTIES

1.1   Plaintiff Steven Hillestad is a U.S. citizen and resident of Louisiana.

1.2   Defendant LLOG Exploration Company, L.L.C., is a foreign limited liability company with a principal place of business Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process by serving its registered agent, John Doughtie, 842 W. Sam Houston Pkwy N., Suite 600, Houston, Texas 77024.

1.3    Defendant LLOG Exploration Offshore, L.L.C., is a foreign limited liability company with a principal place of business Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process by serving its registered agent, John Doughtie, 842 W. Sam Houston Pkwy N., Suite 600, Houston, Texas 77024 or 11700 Old Katy Road, Suite 295, Houston, Texas 77079.

1.4    Defendant Danos, L.L.C., is a Louisiana limited liability company with a principal place of business Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process by serving its registered agent, Khanh Labat, 3878 West Main Street, Gray, LA 70359.

## II. JURISDICTION

2.1    This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq*.

## III. VENUE

3.1    Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391 as Defendant resides in this District.

## IV. FACTS

4.1    On or about November 12, 2016, Plaintiff was working as an A Operator for Wood Group, working on LLOG's GI 115 A Platform, and was seriously injured when

blasted with a flash fire of gas vapors. Specifically, as the fire rose up from below Plaintiff, he was literally engulfed in flames. He tried to run from the ignited vapors, but it was too late. He had sustained severe burns to his hands and face, as well as other bodily injuries, including to his neck and back.

## V.  CAUSE OF ACTION

### A.   NEGLIGENCE AND GROSS NEGLIGENCE

5.1   As stated above, on or about November 12, 2016, Plaintiff sustained serious and disabling injuries while on LLOG' platform.

5.2   Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of LLOG, its agents, servants and/or employees who were acting in the course and scope of their employment for LLOG at all times material to this cause of action, as well as the negligence and/or gross negligence of LLOG's PIC, Defendant Danos.

5.3   Defendants are liable for the subject accident and Hillestad's injuries and resultant damages by reason of their negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through their agents,

representatives and/or employees, in one or more of the following particulars, among others:

    (a)    failing to ensure the premises was free from hazards;

    (b)    failing to properly maintain safety equipment on the platform and/or ensure it was free from defect;

    (c)    failing to ensure the safety of workers aboard the platform;

    (d)    failing to perform all operations in a safe and work-like manner;

    (e)    failing to take all necessary precaution to correct and remove any hazardous gas accumulation or other health, safety, or fire hazards;

    (f)    failing to properly plan the job;

    (g)    other acts and omissions that will be shown at the time of trial herein.

5.4    Plaintiff would further show that Defendants had custody or control of the platform, and were responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

5.5    As a result of Defendants' negligent actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1 As a result of these occurrences and the negligence and/or gross negligence of Defendants, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2 Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i) past and future physical disfigurement;

(j) past and future physical impairment; and

(k) any other damage to which Plaintiff is entitled under applicable law.

## VII. INTEREST

7.1 Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII. JURY DEMAND

8.1 Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendants jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; attorney's fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
SBN 18869600 / SDTX 5369
fspagnoletti@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656

**OF COUNSEL**:

SPAGNOLETTI & CO.
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
mspagnoletti@spaglaw.com
Eric J. Rhine
SBN 24060485 / SDTX ID 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656

*Attorneys for Plaintiff*